**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **WORLD TECH AIR 23, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 24-CV-00538-CDL |
| v. | ) |
| | ) |
| **LUFTHANSA TECHNIK** | ) |
| **ENGINE SERVICES, INC.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 64) ("Motion for Leave to Amend"). Defendant filed a Response in Opposition (Doc. 67), and Plaintiff filed a Reply (Doc. 75). The Court has considered the parties' briefing as well as counsel's oral argument on the motion. (*See* Doc. 88).

On August 25, 2025, the Court entered an Agreed Order for Replevin, providing that upon the posting of a $300,000 bond by the Plaintiff and fulfillment of certain other conditions, the Defendant would surrender possession of the Aircraft fuselage (the "Airframe") of the Gulfstream Aerospace model G-IV aircraft at issue. (Doc. 56). The order provided that "Plaintiff shall take possession of the Airframe in accordance with the terms set forth in this order and any applicable federal laws governing replevin actions," while Defendant would retain possession of the engines and engine parts. *Id*. at 3. On the same date, the Court issued a Third Amended Scheduling Order governing the deadlines

for discovery, dispositive motions, and other pretrial steps, which reflected that the previously-set deadline for motions to join or amend had already expired. (Doc. 57).

Plaintiff took possession of the Airframe on September 18, 2025. It now asserts that, upon inspection, Plaintiff discovered significant deterioration and damage, which it alleges is attributable to Defendant's improper storage and handling of the Aircraft. Plaintiff seeks leave pursuant to Fed. R. Civ. P. 15(a)(2) and 16(b)(3)(A) to file a further amended complaint including an added claim for damage to property under bailment. (*See* Doc. 64-1).

Under Rule 15, when a party is no longer entitled to amend a pleading "as a matter of course," the party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)-(2). Generally, "[t]he court should freely give leave" to amend a pleading, "when justice so requires," *id.*, and should be denied only on a showing of undue delay, prejudice to the opposing party, bad faith or dilatory motive, or futility. *See Duncan v. Mgr., Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

However, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, a party seeking leave to amend a pleading after the deadline has passed "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). To establish good cause, generally the movant must "show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" *Gorsuch, Ltd.*, 771 F.3d at 1240 (citation

2

omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed"; but not "[i]f the plaintiff knew of the underlying conduct but simply failed to raise" claims. *Id*. (internal citations omitted).

The party moving for leave to amend has the burden to give an "adequate explanation for any delay." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019). Trial courts have broad discretion to determine whether good cause is shown, but factors to consider can include the diligence of the party seeking the modification, the foreseeability and fault for needing more time, "possible prejudice to the party opposing the modification," and whether denial would "create a substantial risk of unfairness" to the moving party. *Id.* (citations omitted).

Defendant argues that WTA's Motion should be denied for lack of good cause pursuant to Rule 16(b)(4). Plaintiff filed this action on November 5, 2024, and the deadline for motions to join or amend passed on April 3, 2025, under the then-operative scheduling order. (*See* Doc. 28). Plaintiff seeks relief from the expired deadline.

Defendant contends that Plaintiff knew or should have known the factual basis for its proposed new claim before the deadline to amend pleadings passed, because Plaintiff was informed of how and where the Aircraft was stored after being delivered to Defendant's hangar in early 2022 for mechanical service. The parties also began conducting discovery before the April 3, 2025 deadline. Thus, Defendant contends that Plaintiff could have raised its claim for damage to the Aircraft earlier. (Doc. 67 at 10).

3

Plaintiff explains the delay in filing its Motion to Amend as follows: only after taking possession and inspecting the fuselage, in September 2025, did Plaintiff become aware of significant deterioration attributable to Defendant's alleged improper storage and handling of the Aircraft. Plaintiff asserts, for instance, that Defendant's mechanics who removed the Aircraft's engines failed to follow standard and/or recommended procedures for capping and sealing various fluid lines and connected components for service. Plaintiff alleges that, as a result of improper handling and/or improper storage, the Aircraft sustained damage—including animal infestation, contamination of fluid lines, fluid leaks, and damage from improper exposure to sun and weather elements—that could not have been discovered before Plaintiff could inspect the Aircraft. (Doc. 64 at 3). Plaintiff contends "the new claim for damage to property under bailment arises solely from those post-replevin discoveries, not from any facts previously available to Plaintiff." (Doc. 75 at 2).

Plaintiff has met the initial burden to show good cause, because the facts supporting its proposed new claim could not have been discovered prior to Plaintiff's inspection of the Aircraft. *Cf. Gorsuch, Ltd.*, 771 F.3d at 1240–41 (noting that good cause may be satisfied "if a plaintiff learns new information through discovery"). Nonetheless, Defendant contends that with diligence, Plaintiff could have discovered these issues earlier. According to Defendant, Plaintiff and/or its counsel repeatedly ignored or delayed opportunities to inspect the Airframe and Engines after filing this lawsuit in November 2024. Plaintiff allegedly "had access to the Aircraft whenever it requested" while it was stored in Defendant's facility. (Doc. 67 at 7). Defendant also contends that Plaintiff unduly delayed seeking to replevin the Aircraft.

4

Plaintiff disputes that characterization of events. Plaintiff asserts that Defendant continually delayed and obstructed its requests to inspect the Aircraft. Plaintiff and Plaintiff's counsel were afforded "only a restricted visual review" of the Aircraft in May 2025. (Doc. 75 at 6).

Many of the facts relevant to good cause are disputed. However, Defendant does not argue that Plaintiff lacks a good-faith basis to assert a claim for damage under bailment—only that it should have done so earlier. (*See* Doc. 67 at 7 ("it is patently false that WTA could not have asserted a claim for damage to the Aircraft prior to September 18, 2025.")). Defendant's counsel also acknowledged during oral argument that filing the claim separately would likely be impermissible claim splitting. The interests of justice weigh in favor of consolidating all claims arising from the same dispute.

Moreover, certain undisputed facts controvert Plaintiff's alleged lack of diligence. While email correspondence appears to support Defendant's claim that Plaintiff acted less than expeditiously in the first few months after filing this lawsuit, (*see* Doc. 67-9), the record also shows that, after the entry of the initial scheduling order, the parties were substantially engaged in discovery and other pretrial activities leading to the agreement for replevin of the Airframe in late August 2025. (*See* Docs. 29, 30, 32, 34, 41). Undisputedly, Defendant opposed replevin, and it took months for the parties to reach agreement on terms for replevin of the Airframe. These circumstances provide an "adequate explanation" for the lapse of time after the deadline to amend expired. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Once the agreed order for replevin was issued, Plaintiff

removed the Aircraft from Defendant's facility within one month and filed the Motion for Leave to Amend approximately one month later. (*See* Doc. 67 at 5).

Defendant also acknowledges that, "shortly after" its initial inspection in May 2025, Plaintiff raised its desire to amend the complaint. (Doc. 67 at 11). "As early as June 2025," Plaintiff's counsel requested Defendant's consent to file an amended complaint "to seek damages arising from the condition of the Aircraft." (*Id*.). However, Defendant did not consent to the amendment. *See id*.

Defendant objects that Plaintiff did not file its motion seeking leave to amend until October 20, 2025. But the record shows that, during the same time frame, the parties jointly agreed to continue a scheduled hearing on the issue of replevin, noting that they were working towards an agreement that would moot the need for a hearing. (Doc. 41, *see* Doc. 45 at 3). Plaintiff sought to expedite the replevin process. (*See* Doc. 43). However, the parties did not reach agreed terms for replevin until shortly before the scheduled hearing.

The Court finds that, under the totality of circumstances, Plaintiff acted without undue delay to access the Airframe for inspection, and its timeline for seeking leave to amend is reasonable. There is no evidence of bad faith or dilatory motive. *See Duncan*, 397 F.3d at 1315. Nor does it "appear[] that the plaintiff is using Rule 15 to make the complaint a 'moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' . . . or to "knowingly delay[] raising [an] issue until the 'eve of trial.'" *Minter*, 451 F.3d at 1206.

Moreover, Defendant has not shown that any substantial prejudice would result from permitting amendment at this stage. *See Bylin v. Billings*, 568 F.3d 1224, 1230 (10th

Cir. 2009) ("The expenditure of time, money, and effort alone is not grounds for a finding of prejudice."). Finally, Defendant's argument that amendment would be futile relies on disputed issues of fact and law that are not ripe for the Court's determination. *Cf. Martinez v. Sellers*, No. CIV-23-102-RAW-GLJ, 2024 WL 586588 (E.D. Okla. Jan. 18, 2024), *report and recommendation adopted,* No. 23-CV-102-RAW-GLJ, 2024 WL 580864 (E.D. Okla. Feb. 13, 2024).

For the foregoing reasons, the Motion for Leave to File Second Amended Complaint (Doc. 64) is **granted**. Plaintiff may file a Second Amended Complaint on or before February 17, 2026.

IT IS SO ORDERED this 13th day of February, 2026.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge